UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BOBBY & DEBBIE BROOKS, ET AL. | § § § | |
| v. | § § | C.A. No. C-05-234 |
| CORPUS CHRISTI INDEPENDENT SCHOOL DISTRICT | § § § | |

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Pending before the Court is defendant's Corrected Motion to Dismiss (D.E. 16), in which defendant moves for dismissal of plaintiffs' action pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have asserted disparate impact (non-intentional discrimination) and intentional discrimination claims under Title VI of the Civil Rights Act and the Equal Protection Clause of the United States Constitution, as well as a 42 U.S.C. § 1983 claim based on a violation of Title VI, in their complaint (D.E. 1). For the following reasons and for the reasons stated on the record during the May 25, 2005 hearing on the motion to dismiss, the Court GRANTS IN PART and DENIES IN PART said motion.

A motion to dismiss for failure to state a claim upon which relief can be granted, filed pursuant to Federal Rule of Civil Procedure 12(b)(6), is viewed with disfavor and

rarely granted. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (citations omitted). A complaint should only be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 274 (5th Cir. 1997)). The complaint must be liberally construed in plaintiff's favor and all pleaded facts in the complaint must be taken as true. *Id.* However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993).

*Disparate Impact (Non-Intentional Discrimination) Claims*

Under *Alexander v. Sandoval*, 121 S.Ct. 1511, 1523 (2001), private parties may not bring disparate impact discrimination claims under Title VI; rather, they may only bring Title VI intentional discrimination claims. Further, "proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 97 S.Ct. 555, 563 (1977). As such, the Court GRANTS Defendant's Corrected Motion to Dismiss (D.E. 16) as to plaintiffs' alleged Title VI, Equal Protection, and 42 U.S.C. § 1983 disparate impact claims.

*Intentional Discrimination Claims*

The Court finds that plaintiffs have pled discriminatory intent and have asserted a variety of circumstantial and direct evidence of such intent in their complaint. The Court cannot find that "it appears beyond doubt that the plaintiff[s] can prove no set of facts in

support of [their] claim which would entitle [them] to relief." *Manguno*, 276 F.3d at 725.  Therefore, the Court DENIES Defendant's Corrected Motion to Dismiss (D.E. 16) as to the remainder of plaintiffs' claims.   The Court will retain plaintiffs' Title VI, Equal Protection, and 42 U.S.C. § 1983 intentional discrimination claims for consideration as to whether plaintiffs are entitled to injunctive relief on such claims.

ORDERED this the 31st of May, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE